

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 26, 1961

Honorable Dean Martin
County Attorney
Grayson County
Sherman, Texas

Opinion No. WW-1175

Re: Whether the County Judge
of Grayson County has the
authority to commit an
involuntary mentally ill
person to the Sherman
Community Hospital under
the named conditions and
related question.

Dear Mr. Martin:

You have requested an opinion of this office on the
following question:

"Does the County Judge of Grayson County,
Texas, have the authority to commit an involuntary
mentally ill person to the Sherman Community Hos-
pital under the conditions set out in the letter
from the Department of Health, or would it be
necessary for the Sherman Community Hospital to
obtain a license under Vernon's Ann.Civ.St., art.
5547 Mental Health Code, permitting them to op-
erate a private mental hospital in connection
with the General Hospital?"

From your letter and enclosed materials, the follow-
ing facts appear: the Sherman Community Hospital, which has
a psychiatric unit operated under the supervision of a psychi-
atrist, is licensed as a general hospital.

Your attention is directed to Article 5547, Vernon's
Civil Statutes, and the provisions thereof covering general
definitions (Art. 5547-4); involuntary admissions--in emergen-
cies (Art. 5574-28)--for temporary periods (Art. 5574-31, 38)--
for an indefinite period (Art. 5547-52); the necessary orders
(Art. 5547-58); and, licensing requirements (Art. 5547-88);
which provisions read in part as follows:

"Article 5547-4. Definitions. As used in
this Code, unless the context otherwise requires:

". . ."

"(f) 'general hospital' means a hospital operated primarily for the diagnosis, care and treatment of the physically ill.

"(g) 'mental hospital' means a hospital operated for the primary purpose of providing in-patient care and treatment for the mentally ill. A hospital operated by an agency of the United States and equipped to provide in-patient care and treatment for the mentally ill shall be considered a mental hospital.

"(h) 'State mental hospital' means a mental hospital operated by the Board.

"(i) 'private mental hospital' means a mental hospital operated by any person or political subdivision.

". . ."

Article 5547-28. Emergency Admission. The head of a mental hospital or a general hospital may admit and detain any person for emergency observation and treatment for a period not to exceed ninety-six (96) hours upon . . ."

"Article 5547-31. Application for temporary hospitalization. . . . The Application may be made by any adult person, or by the county judge, and shall state upon information and belief that the proposed patient . . . requires observation and/or treatment in a mental hospital."

"Article 5547-38. Order upon hearing. .....

"(b) If upon the hearing the court finds that the proposed patient is mentally ill . . . the court shall order that the mentally ill person be committed as a patient for observation and/or treatment in a mental hospital for a period not exceeding ninety (90) days."

"Article 5547-52. Order upon hearing. . . .

"(b) If the court or the jury, as the case may be, finds that the proposed patient is mentally ill and requires hospitalization in a mental hospital . . . the court shall order that the mentally ill person be committed as a patient to a mental hospital for an indefinite period."

"Article 5547-58. Designation of a hospital.
In the Order of Temporary Hospitalization or In-
definite Commitment, the court shall commit the
patient to a designated

    (a) State mental hospital;

    (b) private mental hospital; or

    (c) agency of the United States operating
        a mental hospital."

"Article 5547-88. License Required. Ninety
(90) days after the effective date of this Code,
no person or political subdivision may operate a
mental hospital unless licensed to do so by the
Department."

First, it is clear that the County Court presided over by the County Judge, is a court of competent jurisdiction over lunacy proceedings and proceedings for hearing and commitments for confinement, treatment and observation of the mentally ill. Pate v. Stevens, 257 S.W.2d 763 (Civ.App. 1953, error dism.) Specifically, your question deals with whether the County Judge has the authority to commit a mentally ill person to a general hospital with a psychiatric ward which is not licensed under the provisions of Art. 5547, V.C.S.

You will notice that there are basically four types of hospitals referred to in the Code (i.e. general hospitals, mental hospitals, State mental hospitals, private mental hospitals). From your letter and enclosures, the Sherman Community Hospital falls within the statutory "general hospital" definition quoted above. In addition, there are three classifications of commitments for the involuntary mentally ill authorized by the Code (i.e. "emergency" (96 hours or less), "temporary" (90 days or less) and "indefinite").

Based upon the foregoing statutory provisions, we are of the opinion that the County Judge is authorized to commit the mentally ill to a general hospital with an un-licensed psychiatric ward only for ninety-six (96) hours or less within the "emergency" commitment category of the Code. Only the section authorizing an "emergency" commitment allows commitment to a general hospital of the type in question. Both of the other types of commitments of the mentally ill (i.e. "temporary" and "indefinite") specifically require confinement in a "mental hospital" as definied in the Code and set out above.

Further, Article 5547-88, supra, specifically requires a "mental hospital" as defined in the Code, and set out above to be licensed by the Texas State Department of Health after ninety (90) days from the effective date of the Code (i.e. ninety days after January 1, 1958). As a commitment for the mentally ill for either a "temporary" or indefinite" period is required in a "mental hospital," and such must be licensed under Article 5547-88, supra, we are of the opinion that the County Judge would thus not be authorized to commit such person to the Sherman Community Hospital for a period exceeding ninety-six (96) hours "emergency" commitment under the facts presented.

## S U M M A R Y

Under Article 5547, V.C.S., a County Judge may not commit an involuntary mentally ill person to a general hospital with a psychiatric ward not licensed under the statute for a period in excess of ninety-six (96) hours.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:dhs

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Vernon Teofan
Gordon Cass
W. Ray Scruggs
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.